Parrott *vs.* Nesbitt *et al.*

There was error, under the facts of the case, in the award of the fund in the hands of the sheriff.

May 14, 1888.

Money rule.   Before Judge FAIN.   Gordon superior ·court.   August term, 1887.

Reported in the decision.

R. J. McCAMY, W. J. CANTRELL & SON and O. N. STARR, for plaintiff in error.

W. R. RANKIN, DABNEY & FOUCHE' and E. J. KIKER, *contra.*

BLANDFORD, Justice.

This was a rule brought by Willingham against the sheriff, to distribute a certain fund in the sheriff's hands, to wit, the sum of $1,125, arising from the sale of certain lands as the estate of William A. Nesbitt, under a *fi. fa.* in favor of Willingham.   The sheriff answered that this fund was claimed by divers executions of older date than that of Willingham, to wit: an execution in favor of one Cullins against William A. Nesbitt, principal, and R. H. Nesbitt, security, on appeal bond; an execution in favor of Young, Jackson & Co. *vs.* William A Nesbitt, which had been transferred to R. H. Nesbitt; and an execution in favor of Mrs. Parrott, adm'x, *vs.* R. H. Nesbitt, adm'r.   The Cullins execution was the oldest; the next in order of date being the Young, Jackson & Co. execution and the Parrott execution.

The matter was left to the court, without the intervention of a jury, and the court adjudged that the fund, after the payment of certain costs and attorneys' fees, be paid to R. H. Nesbitt, " to be applied first" to the Cullins *fi. fa.*   To this Mrs. Parrott excepted.

It appears from the evidence that, in 1868, R. H. Nesbitt bought from his brother, William A. Nesbitt, a certain tract of land, and paid the purchase money therefor upon the Cullins execution, taking a transfer of that ex-

cution to himself.   A balance still remained due and unpaid on the execution.   In 1873, certain lands belonging to William A. Nesbitt were sold by the sheriff, under the Young, Jackson & Co. execution; and a rule was brought against the sheriff to distribute the fund arising therefrom; to which the sheriff answered that the fund was claimed by the Cullins execution; but no final order of the court distributing the fund was ever made.   Afterwards, other lands belonging to William A. Nesbitt were sold by the sheriff.   If the amounts arising from these sales had been placed upon the Cullins execution, they would have more than extinguished it, and would have left something to go upon the Young, Jackson & Co. execution.

We think that, under the facts of this case, the court erred in ordering the fund in the hands of the sheriff in this case to be paid on the Cullins execution; and upon that ground, and without saying what is due on these other executions, we reverse the judgment of the court below.

Judgment reversed.